IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**KRYSTLE XYLINA MILLER-ALBAREZ,**

      **Plaintiff,**

v.                                                                                                  No. 22-CV-00880-JHR-KK

**SENATOR MARTIN HEINRICH,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Senator Martin Heinrich's Motion to Dismiss filed November 23, 2022. [Doc. 3].

Miller-Albarez commenced the case by filing a complaint in New Mexico's First Judicial District Court on November 18, 2022. [Doc. 1] (Notice of Removal). Miller-Albarez alleged that she sought help from the official office of Senator Heinrich in connection with matters of child custody and allegations of wrongdoing by individuals, state agencies, and state judicial officers. *See id.*; *see also* [Doc. 1-2] (Ex. A Civil Complaint). Removal was based on 28 U.S.C. Section 1441(a)(1) because Senator Heinrich is an "officer ... of the United States" and the action relates to acts "under color of such office." *See Richards v. Harper*, 864 F.2d 85, 86 (9th Cir. 1988).

Senator Heinrich moved to dismiss the case for lack of subject matter jurisdiction. [Doc. 3]; errata [Doc. 12]. Miller-Albarez filed a "notice of not to remove" [Doc. 9] and a motion to appoint counsel [Doc. 10] on December 8, 2022. Senator Heinrich filed a reply to Miller-Albarez's "notice of not to remove" [Doc. 13] and a notice of completion of briefing [Doc. 14] on December 15, 2022. Senator Heinrich filed a response to the "notice" on December 22, 2022. [Doc. 15]. All parties consented to Magistrate Judge Ritter presiding on December 12, 2022. [Doc. 11].

The issue presented is whether the United States District Court for the District of New Mexico has subject matter jurisdiction over a suit seeking relief against a United States Senator in his official capacity. For the reasons recited here, the Court concludes that it does not, and so the Court will grant the Motion to Dismiss.

## APPLICABLE LAW

The United States and its agencies have sovereign immunity which, unless waived, prohibits suit against them. *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *see also Merida Delgado v. Gonzales*, 4328 F.3d 916, 919 (10th Cir. 2005) (determining sovereign immunity extends to federal officers acting in official capacities.); *United States v. Murdock Mach. and Eng'g Co. of Utah*, 81 F.3d 922, 929 (10th Cir. 1996) (concluding that sovereign immunity, unless waived, bars claims for injunctive relief against federal entities.). Waiver arises through Congressional consent to be sued, and the scope of any waiver is defined by the terms of that consent. *United States v. Mitchell*, 445 U.S. 535, 538 (1980).

A challenge to subject matter jurisdiction in a particular case is brought pursuant to Fed. R. Civ. P. 12(b)(1). Without a proper showing of subject matter jurisdiction, a federal district court is powerless to act. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015). In other words, a plaintiff who brings suit against an officer of the United States must show that Congress has consented to the suit, *United States v. Mitchell*, 463 U.S. 206, 212 (1983), by citation to unequivocal statutory text. *United States v. Richman (In re Talbot)*, 124 F.3d 1201, 1206 (10th Cir. 1997).

The only exceptions to the waiver requirement are (1) when a federal officer acts outside the scope of statutory power, and (2) when an officer exercises an unconstitutional power or in an

unconstitutional way; those exceptions are construed narrowly. *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002).

## ANALYSIS

Miller-Albarez filed suit in order to compel Senator Heinrich, in his official capacity, to help her obtain relief against agencies and officers of the State of New Mexico whom she accuses of victimizing, or failing to prevent the victimization of, her children. She seeks specific action by Senator Heinrich and his office rather than damages.

Having commenced suit against an officer of the United States in his official capacity, it is Miller-Alvarez's burden to show a statutory waiver of sovereign immunity that authorizes the suit she brings. She has done nothing to meet that burden. Nor has she presented any argument, evidence, or authority that would bring this suit within the narrow exceptions to the waiver requirement.

## CONCLUSION

Because a United States Senator in his official capacity is protected from suit by the sovereign immunity of the United States, and because there is no exception to nor waiver of that immunity that would apply in this case, the United States District Court does not have subject matter jurisdiction over Plaintiff's allegations and this lawsuit cannot proceed. Therefore, the Motion to Dismiss [Doc. 3] should be, and hereby is, **GRANTED**, and **THIS MATTER IS HEREBY DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE